HOENINGHAUS *et al. v.* CANTOR.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

SALE—RESCISSION—INSOLVENCY OF BUYER—FALSE REPRESENTATIONS.

In an action to recover possession of goods sold by plaintiffs to defendant's assignor, on the ground that they had been obtained by fraudulent representations, the evidence as to fraud was conflicting, plaintiffs showing great discrepancies between the statements by the assignor, on which the goods were sold to him, and his actual financial condition some months later, appearing from the schedules on his assignment, which the assignor explained as caused by losses and depreciation of assets, under circumstances not improbable. *Held,* that a verdict for defendant would not be disturbed on appeal.

Appeal from circuit court, New York county.

Action by Fritz Hoeninghaus and Henry W. Curtiss against Herman Cantor, assignee for benefit of creditors of Isaac Sickle, to recover possession of goods sold by plaintiffs to said Sickle. The evidence for plaintiff showed that the goods were sold to Sickle in September, 1887, in reliance on statements made by him in June, 1887, to mercantile agencies, to induce credit, to the effect that his assets exceeded his liabilities by $55,810.75; and that on his assignment, in November, 1887, the inventory and schedule thereon, which he helped to prepare, showed a deficit of assets to meet his liabilities of at least.

$64,000. Sickle testified, for defendant, that the discrepancy was caused by depreciation in value of his goods, specifying them, losses from bad debts, heavy expenses from sickness of his wife, etc. The jury found a verdict for defendant, for the return of the goods replevied, or for their value, and damages for their detention. From the judgment for defendant entered thereon plaintiffs appeal. For other litigation arising out of the assignment of Isaac Sickle, see *Cantor* v. *Grant*, 10 N. Y. Supp. 223; *Grosvenor* v. *Sickle*, 2 N. Y. Supp. 40.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ. .

*Putney, Bishop & Slade,* (*James L. Bishop,* of counsel,) for appellants. *Blumenstiel & Hirsch,* for respondent.

BRADY, J. This action was brought to recover from the defendant, who was the assignee of one Isaac Sickle, certain property claimed by the plaintiffs. The action was at first commenced against the sheriff and the assignee, but, as to the former, it was in effect discontinued. The answer first puts in issue the title of the plaintiffs. Upon the trial it appeared that the goods had been sold to the defendant's assignor by the plaintiffs, who sought to maintain their right to recover them upon the ground that they had been obtained by fraudulent representations, and that no title, therefore, passed to the vendee. The case presents no exceptions, and we are asked to set aside the verdict and grant a new trial upon such an issue as that stated, with evidence *pro* and *con*,—evidence, perhaps, which, unanswered, would justify the plaintiffs' claim, but which, answered in the manner it was, would seem to dissipate the testimony given to demonstrate the fraudulent conduct complained of. The whole issue was left to the jury for their consideration, without any attempt to interfere with their deliberations in any way; and the rule of law by which they should be governed was clearly stated, the learned judge presiding reading from an adjudication in the court of last resort, declaring what was required to establish the charge of fraud such as that upon which the plaintiffs relied for their recovery. It is true that this is objected to upon the briefs, but was not upon the trial; and, although this court might, notwithstanding the absence of the exception, grant a new trial, it would only be done upon the conviction that the rule laid down was wrong and injustice followed. In actions embracing charges of fraud the jury is peculiarly adapted for the necessary investigation, and we are met at once with the rule deducible from the authorities, too familiar to need citation, that on such an issue the facts tending to prove the charge should be clearly established, and not left to mere inference or suspicion. The evidence need not be positive to establish the charge; it may consist of facts and circumstances leading to no other conclusion, or to such a conclusion; but both must be of such a character as to establish the charge, and not present mere inferences which do not rise to the dignity of positive and convincing evidence. In this case, as already suggested, there was a conflict of evidence, and the circumstances were extraordinary attending the business career of Sickle, the assignor; but, nevertheless, they were neither impossible nor improbable, considering the vicissitudes of business life, and the fluctuations in the value of property which are frequently controlled by the general business condition of the country. We do not feel justified, therefore, in interfering with this verdict and overriding the conclusions of the jury, who had the great advantage of seeing the witnesses and hearing their testimony. For these reasons the judgment must be affirmed, with costs. All concur.